# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RONALD TUTTLE** | : | **DOCKET NO. 2:20-cv-1579** |
| | | **SECTION P** |
| | | |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| | | |
| **US ATTORNEY GENERAL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss filed on February 4, 2022, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure by defendant, the United States of America. Doc. 31. This motion was filed in response to the complaint filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*., by plaintiff Ronald Tuttle ("Tuttle"). Doc. 1. Tuttle file an Opposition to the defendant's Motion (doc. 33) on February 22, 2020, and a supplemental opposition on March 2, 2022 (doc. 34)[1]. The United States filed a reply on March 4, 2022. The motion is now ripe for review.

These motions have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the following reasons, **IT IS RECOMMENDED** that the defendant's Motion for to Dismiss (doc. 31) be **GRANTED**.

---

[1] To the extent Plaintiff attempted to raise new claims in his oppositions, the Court will not address said claims, as they were not included in the original complaint, nor was an amended complaint filed to assert them.

# I.

## BACKGROUND

At the time he filed his complaint, Tuttle was inmate in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution at Oakdale, Louisiana. He seeks $50 million from the United States for an alleged delay in the transmittal of his filing fee for a civil action in the United States District Court for the District of New Jersey.

On March 9, 2020, Plaintiff filed a lawsuit against the United States, pursuant to the FTCA, in the District of New Jersey. See *Tuttle v. United States*, 1:20-cv-02523-RMB-SAK (D. NJ), at doc. 1. Plaintiff demanded $50 million in damages. *See id*. Plaintiff also applied to proceed *in forma pauperis* (IFP), claiming to have no resources. *See id*. at att. 1. On May 22, 2020, the New Jersey District Court received two letters from Plaintiff, claiming to have requested payment of the filing fees through his commissary account. *See id.* at doc. 2, att. 3. On July 27, 2020, the New Jersey District Court issued an order noting that Plaintiff had requested IFP status but had not submitted the required financial records. The court also noted that Plaintiff had submitted two letters claiming to have paid the fee, but that the fee had not been received. The Court therefore administratively terminated the action but ordered: "if Plaintiff wishes to reopen this action, he shall so notify the Court in writing within 30 days of entry of this Order and submit either the $400 filing and administrative fee or a properly completed application to proceed [IFP]…." *See id*. at doc. 4.

On August 19, 2020, Plaintiff filed a motion admitting that he was not "in poverty," and asking for an extension of time to pay the $400 filing fee. *See id*. at doc. 6. On August 27, 2020, the Court granted a 30-day extension. *See id*. at doc. 8. On about September 15, 2020, Plaintiff mailed another motion asking for an extension of time to pay the filing fee. *See id*. at doc. 16. On

September 18, 2020, Trust Fund staff processed a $400 payment, identified as "court fees," which Plaintiff indicates in his complaint was the payment of the filing fee for his New Jersey case. On September 23, 2020, the court granted Plaintiff an additional 45 days to complete payment of his filing fee. *See id*. at doc. 17. On September 29, 2020, the Court received the $400 payment, receipt number CAM011702. *See* docket, *Tuttle v. United States*, 1:20-cv-02523-RMB-SAK (D. NJ). The Court issued an order, dated September 29, 2020, indicating that the court had received Plaintiff's filing fee, and ordered the complaint "shall be filed." See *id*. at doc. 19. Plaintiff's lawsuit in *Tuttle v. United States*, 1:20-cv-02523-RMB-SAK (D. NJ) remains open to this date and is yet to be resolved either for or against Plaintiff. See *id*., docket.

Plaintiff seeks a double recovery, $50 million dollars in his original case, and $50 million in the case before this Court, based on the alleged delay in paying his filing fee. Plaintiff seeks "50 million dollars in exact money damages, which is exact amount of the FTCA claim in Camden NJ court." **See** doc. 1, p. 12. However, Plaintiff admits that he did not lose the opportunity to litigate his underlying claim, instead basing his lawsuit on the idea that he would have lost this opportunity if BOP staff had not processed the payment of the fee: "I would have lost the 50 million dollars if court wouldn't have been paid and case stayed closed…" *Id*. (emphasis added). In other words, his underlying case in New Jersey has been successfully filed and is ongoing, with the opportunity to prevail on his underlying claim.

## II.
### LAW & ANALYSIS

#### A. *Legal Standards*

##### 1. *12(b)1 Motion to Dismiss*

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), may be treated as either a facial or factual challenge to the court's jurisdiction. *Williamson v. Tucker*,

645 F.2d 404, 412-13 (5th Cir. 1981) *cert. denied*, 102 S.Ct. 396 (1981). Facial attacks, which question the sufficiency of the pleadings, require the court to consider the allegations in the complaint as true. *See Spector v. L Q Motor Inns, Inc.,* 517 F.2d 278, 281 (5th Cir. 1975). During factual challenges to subject matter jurisdiction, courts are allowed to look outside of the pleadings and no presumptive truthfulness attaches to the allegations in the complaint. *Williamson*, 645 F.2d at 413 (citing *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 844, 891 (3rd Cir. 1977)).

The district court has the ability to dismiss a complaint for lack of subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson*, 645 F.2d at 413. If dismissal is sought for a jurisdictional defect that centers upon the lack of congressional waiver of the government's sovereign immunity, resolution is never appropriate byway of summary judgment, but must be resolved by way of a motion to dismiss for lack of subject matter jurisdiction. *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1156-57 (5th Cir. 1981).

### 2. *12(b)(6) Motion to Dismiss*

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is appropriate when a defendant attacks the complaint, because it fails to state a legally cognizable claim. *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1973 (2007). A plaintiff satisfies this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n,* 658 F.3d 500, 504 (5th Cir. 2011), quoting, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). Usually, in considering a motion to dismiss pursuant to Rule

12(b)(6), a district court must limit itself to the face of the complaint including attachments thereto. However, applicable jurisprudence establishes exceptions to this restriction wherein the Court may take judicial notice of documents or information which constitute matters of public record when considering a Rule 12(b)(6) motion to dismiss. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *Haygood v. Begue*, 2014 WL1320152, at *1 (W.D. La. Mar. 31, 2014).

### B. Improper Defendant

The United States first argues that Plaintiff's suit should be dismissed for lack of jurisdiction based on the fact that the named defendant in this matter is the U.S. Attorney General, not the United States of America. Doc. 31, att. 1, p. 5. Defendant is correct in noting that the only proper party in a suit under the FTCA is the United States, and plaintiff concedes same. However, Plaintiff contends, and this Court agrees, that the suit was originally filed against the United States., the proper defendant in an FTCA suit, despite how the caption was captured by the Clerk's Office. *See* doc. 1, p. 6.

### C. Sovereign Immunity

The United States next argues that any claims that it violated Plaintiff's Constitutional rights should be dismissed. Plaintiff's allegations suggest he is trying to state a claim for interference with access to the courts, in violation of the Sixth Amendment. See, e.g., *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 2001)(finding that "arguably, withholding access to a prison account to pay for legal fees could, at a minimum, cause a delay in access to the courts.").[2] However, it is clearly established that a "constitutional tort claim is not cognizable under § 1346(b)" because the source of substantive liability under the FTCA is state law, not federal law.

---

[2] Plaintiff characterizes his Constitutional claims as "violating my due process rights under 5th Amendment, violation of 8th Amendment under Cruel and Unusual Punishment, and 6th Amendment violation under my right to 'public trial' or 'speedy trial.'" See Doc. 1, p. 12.

*F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994).  For this reason, the Court agrees that any constitutional claims against the United States must be dismissed in their entirety.

### D.  Negligence

Finally, Plaintiff's claims must fail, even if based on a theory of negligence.  In order to demonstrate negligence in Louisiana, "a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard of care (or the defendant owed a duty of care to the plaintiff) (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (or breached the requisite duty) (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the harm or the plaintiff's injuries (the cause-in-fact element); (4) the risk of harm was within the scope of protection afforded by the duty breached (the scope of the duty, scope of protection or legal cause element); and (5) actual damages (the damages element). A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability." *Listach v. West Baton Rouge Parish School Board*, 2021-0079 (La.App. 1st Cir.), 328 So. 3d at 1073–74 (internal citations omitted).

As we note above, plaintiff seeks a double recovery, $50 million dollars in his original case, and $50 million in the case before this Court, based on nothing more than the alleged delay in paying his filing fee. As with the Constitutional claim addressed above, Plaintiff cannot demonstrate that he suffered any actual harm/damages as a result of the alleged breach.  Plaintiff admits that he did not lose the opportunity to litigate his underlying claim, instead basing his lawsuit on the idea that he would have lost this opportunity if BOP staff had not processed the payment of the fee.  Plaintiff suffered no actual harm as a result of the alleged delay. Plaintiff's admission that he did not lose the opportunity to litigate his underlying claim, coupled with public court records that confirm this to be true, is fatal to his claim. There is simply no conceivable basis

to find that Plaintiff suffered any damages of any kind due to the alleged delay, and for this reason, this lawsuit must be dismissed.

### III.
### CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that the defendants' Motion to Dismiss (doc. 31) be **GRANTED** and that the action be **DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 9th day of June, 2022.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE